**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

**3rd MODIFIED CHAPTER 13 PLAN**
**AND RELATED MOTIONS**

Name of Debtor(s):   JAMES R. CUDNEY II              Case No:  15-10537-RGM
                     ELAINE M. CUDNEY

This plan, dated **October 13, 2015**, is:

      X   a modified plan, which replaces the unconfirmed Plan dated August 14, 2015.

    **Date and Time of Modified Plan Confirmation Hearing:**

    **November 19, 2015 at 9:30 a.m.**

    **Place of Modified Plan Confirmation Hearing:**

    **United States Bankruptcy Court**
    **Judge Mayer's Courtroom I, 2nd Floor**
    **200 South Washington Street**
    **Alexandria, Virginia 22314**

The Plan provisions modified by this filing are:

    **1.  Funding of Plan**
    **Creditors affected by this modification are:**
    **All unsecured creditors and secured creditor, United Bank**

    **4.  Increase in percentage paid to unsecured creditors**

    **5.  Mortgage Loans Secured by Real Property Constituting Debtors' Primary Residence**
    **Creditor affected by this modification: United Bank**

    **11.  Other Provisions of Plan:**
       **Debtors to seek Bankruptcy Court approval for United Bank loan modification**
       **Matthew Brennan, Esq. - objection to claim to be filed**

**NOTICE: YOUR RIGHTS WILL BE AFFECTED.  You should read these papers carefully.  If you oppose any provision of this plan, or if you oppose any included motions to (I) value collateral, (ii) avoid liens, or (iii) assume or reject unexpired leases or executory contracts, you MUST file a timely written objection.**

**This plan may be confirmed and become binding, <u>and the included motions in paragraphs 3, 6, and 7 to value collateral, avoid liens, and assume or reject unexpired leases or executory contracts may be granted</u>, without further notice or hearing unless written objection is filed not later than seven (7) days prior to the date set for the confirmation hearing and the objecting party appears at the confirmation hearing.**

The debtor(s)' schedules list assets and liabilities as follows:

| | |
|---|---|
| Total Assets: | **$563,964** |
| Total Non-Priority Unsecured Debt: | **$142,732 (filed claims)** |
| Total Priority Debt: | **$-0-** |
| Total Secured Debt: | **$353,732** |

1. **Funding of Plan.** The debtor(s) propose to pay the trustee the sum of **$ 300.00  per month for 7 months,  $2,200 per month for 29 months commencing October, 2015, $2,595 for 12 months commencing March, 2018 (when vehicle paid) and $3,510 commencing February, 2019 (when 401 loan paid).**  Other payments to the Trustee are as follows: **$2,500 paid in September 2015 and $15,345 to be paid early 2016 from 2015 income tax refunds**.  The total amount to be paid into the plan is **$157,005.00**.

2. **Priority Creditors.**  The Trustee shall pay allowed priority claims in full unless the creditor agrees otherwise.

    A. **Administrative Claims under 11 U.S.C. S 1326.**

    1. The Trustee will be paid the percentage fee fixed under 28 U.S.C. § 586(e), not exceed 10%, of all sums disbursed except for funds returned to the debtor(s).
    2. Debtor(s)' attorney will be paid $ **1,500.00**      balance due of the Total fee of $ **5,000.00**      concurrently with or prior to the payments to remaining creditors.

    B. **Claims under 11 U.S.C. S507.**

    The following priority creditors will be paid by deferred cash payments pro rata with other priority creditors or in monthly installments as below, except that allowed claims pursuant to 11 U.S.C. $507(a)(1) will be paid prior to other priority creditors but concurrently with administrative claims above:

    None

3. **Secured Creditors:   Motions to Value Collateral ("Cramdown"), Collateral being Surrendered, Adequate Protection Payments, and Payment of certain Secured Claims.**

    A. **Motions to Value Collateral (other than claims protected from "cramdown" by 11 U.S.C. § 1322 (b)(2) or by the final paragraph of 11 U.S.C. § 1325(a)).  Unless a written objection is timely filed with the Court, the Court may grant the debtor(s)' motion to value collateral as set forth herein.**

    None

    B. **Real or Personal Property to be Surrendered.**

    None

    C.    **Adequate Protection Payments**.

The debtors propose to make adequate protection payments required by 11 U.S.C.§ 1326(a) or otherwise upon claims secured by personal property, until the commencement of payments provided for in sections 3(d) and/or 6(B) of the Plan, as follows:

| Creditor | Collateral | Adeq. Protection Mo. Pymt. | To Be Paid By |
|---|---|---|---|
| Wells Fargo Dealer Services | 2013 Honda Civic (12,073 miles) | $395.00 | Debtor |

    D.    **Payment of Secured Claims on Property Being Retained (except only those loans provided for in section 5 of the Plan):**

This section deals with payment of debts secured by real and/or personal property [including short term obligations, judgments, tax liens and other secured debts]. After confirmation of the Plan, the Trustee will pay to the holder of each allowed secured claim, which will be either the balance owed on the indebtedness or, where applicable, the collateral's replacement value as specified in sub-section A of this section, **whichever is less**, with interest at the rate provided below, the monthly payment specified below until the amount of the secured claim has been paid in full. **Upon confirmation of the Plan, the valuation and interest rate shown below will be binding unless a timely written objection to confirmation is filed with and sustained by the Court.**

    None

    E.    **Other Debts.**

Debts which are (I) mortgage loans secured by real estate which is the debtor(s)' primary residence, or (ii) other long term obligations, whether secured or unsecured, to be continued upon the existing contract terms with any existing default in payments to be cured pursuant to 11 U.S.C. § 1322(b)(5), are provided for in section 5 of the Plan.

**4.**    **Unsecured Claims**

    A.    **Not separately classified.** Allowed non-priority unsecured claims shall be paid pro rata from any distribution remaining after disbursement to allowed secured and priority claims. Estimated distribution is approximately **100%**. The dividend percentage may vary depending on actual claims filed. If this case were liquidated under Chapter 7, the debtor(s) estimate that unsecured creditors would receive a dividend of approximately **96%.**

**5.**    **Mortgage Loans Secured by Real Property Constituting the Debtor(s)' Primary Residence; Other Long Term Payment Obligations, whether secured or unsecured, to be continued upon existing contract terms; Curing of any existing default under 11 U.S.C. § 1322(b)(5).**

    A.    **Debtor(s) to make regular contract payments; arrears, if any, to be paid by Trustee.**
    The creditors listed below will be paid by the debtor(s) pursuant to the contract without modification, except that arrearages, if any, will be paid by the Trustee either pro rata with other secured claims or on a fixed monthly basis as indicated below, without interest unless an interest rate is designated below for interest to be paid on the arrearage claim and such interest is provided for in the loan agreement.

| Creditor | Collateral | Regular Contract Payment | Estimated Arrearage | Interest Rate on Arrearage | Monthly Payment on Arrearage & Est. Term |
|---|---|---|---|---|---|
| SunTrust Mortgage | 407 Plum St., SW, Vienna, VA | $2,865.00 | -0- | N/A | N/A |

| | | | | | |
|---|---|---|---|---|---|
| United Bank | 407 Plum St., SW, Vienna, VA | $1,313 approx. | -0- | N/A | N/A |
| (Personally guaranteed business loan, collateralized by lien on residence) | | | | | |
| (Loan to be modified - debtors to seek court approval) | | | | | |
| Wells Fargo Dealer Services | 2013 Honda Civic | $395 | -0- | N/A | N/A |

    B.    **Trustee to make contract payments and cure arrears, if any.**  The Trustee shall pay the creditors listed below the regular contract monthly payments that come due during the period of this Plan, and pre-petition arrearages on such debts shall be cured by the Trustee either pro rata with other secured claims or with monthly payments as set forth below.

          **None**

    C.    **Restructured Mortgage Loans to be paid fully during term of Plan.**  Any mortgage loan against real state constituting the debtor(s)' principal residence upon which the last scheduled contract payment is due before the final payment under the Plan is due shall be paid by the Trustee during the term of the Plan as permitted by 11 U.S.C. § 1322 (c)(2) with interest at the rate specified below as follows:

          **None**

**6.**    **Unexpired Leases and Executory Contracts.**  The debtor(s) move for assumption or rejection of the executory contracts and leases listed below.

    A.    **Executory contracts and unexpired leases to be rejected.**  The debtor(s) reject the following executory contracts.

| Creditor | Type of Contract |
|---|---|
| United Leasing & Finance | Business debt - equipment lease |
| Vienna Plaza Assoc., LLP | Business debt - personal guaranty on commercial lease |

    B.    **Executory contracts and unexpired leases to be assumed.**  The debtor(s) assume the following executory contracts.  The debtor agrees to abide by all terms of the agreement.  The Trustee will pay the pre-petition arrearages, if any, through payments made pro rata with other priority claims or on a fixed monthly basis as indicated below.

          **None**

**7.**    **Liens Which Debtor(s) Seek to Avoid.**

    A.    **The debtor(s) move to avoid liens pursuant to 11 U.S.C. § 522(f).**  The debtor(s) move to avoid the following judicial liens and non-possessory, non-purchase money liens that impair the debtor(s)' exemptions.  **Unless a written objection is timely filed with the Court, the Court may grant the debtor(s)' motion and cancel the creditor's lien.**  If an objection is filed, the Court will hear evidence and rule on the motion at the confirmation hearing.

          **None**

    B.    **Avoidance of security interests of liens on grounds other than 11 U.S.C. Section 522(f).**  The debtor(s) have filed or will file and serve separate pleadings to avoid the following liens or security

> interests.  The creditor should review the notice or summons accompanying such pleadings as to the requirements for opposing such relief.  The listing here is for information purposes only.
>
> **None**

8. **Treatment and Payment of Claims.**

   - All creditors must timely file a proof of claim to receive payment from the Trustee.
   - If a claim is scheduled as unsecured and the creditor files a claim alleging the claim is secured but does not timely object to confirmation of the plan, the creditor may be treated as unsecured for purposes of distribution under the plan.  This paragraph does not limit the the right of the creditor to enforce its lien, to the extent not avoided or provided for in this case, after the debtor(s) receive a discharge.
   - If a claim is listed in the plan as secured and the creditor files a proof of claim alleging the claim is unsecured, the creditor will be treated as unsecured for purposes of distribution under the plan.
   - The Trustee may adjust the monthly disbursement amount as needed to pay an allowed secured claim in full.

9. **Vesting of Property of the Estate.**  Property of the estate shall revest in the debtor(s) upon confirmation of the plan.  Notwithstanding such vesting, the debtor(s) may not sell, refinance, or encumber real property or enter into a mortgage loan modification without approval of the Court after notice to the Trustee, any creditor who has filed a request for notice and other creditors to the extent required by the Local Rules of this Court.

10. **Incurrence of indebtedness.**  The debtor(s) shall not voluntarily incur additional indebtedness exceeding the cumulative total of $5,000 principal amount during the term of this Plan, either unsecured or secured against personal property, except upon approval of the Court after notice to the Trustee, any creditor who has filed a request for notice, and other creditors to the extent required by the Local Rules of this Court.

11. **Other provisions of this plan:**

    **Debtors will obtain loan modification on United Bank loan and seek Bankruptcy Court approval.**

    **Debtors will object to Matthew Brennan, Esq. claim**


**Signatures:**

**Dated:** October 13, 2015


 /s/James R. Cudney II                              /s/Karen Strid Lang
**James R. Cudney II, Debtor**                      **Karen Strid Lang**
                                                    **KAREN STRID LANG, P.L.C.**
                                                    **Counsel for Debtor(s)**
                                                    **Virginia State Bar No. 25823**
 /s/Elaine M. Cudney                                **524 King Street**
**Elaine M. Cudney, Joint Debtor**                  **Alexandria, VA 22314**
                                                    **(703) 299-4646**

**Exhibits:**    Copy of Debtor(s)' Budget (Schedules I and J);
                 Matrix of Parties Served with plan

Certificate of Service

I certify that on <u>October 13, 2015</u>, I mailed a copy of the foregoing to all creditors and parties in interest as listed on the attached Service List.

<u>/s/Karen Strid Lang</u>
Karen Strid Lang